UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT
-----------------------------------------------------------------------X
GREG MITCHELL-MAYER                                              Index No.:

                                    Plaintiff,

   against                                                                           **COMPLAINT**

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
AND OFFICERS JOHNS AND JANES DOE,
                                  Defendants.
-----------------------------------------------------------------------X


      This action is brought pursuant to 42 U.S.C.A § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution, as well as for personal injury suffered at the time of the incident.

      Plaintiff, GREG MITCHELL-MAYER, as and for a Complaint against the Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND OFFICERS JOHNS AND JANES DOE, alleges, upon information and belief, as follows:


### PARTIES AND JURISDICTION

      1.    At the time of the commencement of this action and at all times hereinafter mentioned, Plaintiff, GREG MITCHELL-MAYER resides in the County of Kings and State of New York.

      2.    Defendants police officers John and Jane Doe are now, and at all times mentioned in this complaint were, duly appointed and acting **police** officers of defendant City of New York.

      4.    Defendant New York City Police Department is now, and at all times mentioned in this complaint was, is a branch of a municipal corporation existing by virtue of the laws of the State of New York and located in Kings County.

      5.    Defendant City of New York is now, and at all times mentioned in this complaint was, a municipal corporation existing by virtue of the laws of the State of New York and located in Kings County.

### Jurisdiction and Venue

6. This court has jurisdiction of the action pursuant to 28 U.S.C.A. §§1331 and 1367.

7. Venue is proper under 28 U.S.C.A. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted here occurred within this district.

### SUMMARY OF THE CASE

8. Plaintiff was 38 years old at the time of the brutality alleged below. He is currently, and was at the time of the brutality, a self-employed personal fitness trainer. He lives with his wife and four children, Olivia, Electra, Elijah, and Lola ("Plaintiff's Children"), in Kings County, State of New York.

9. On June 16, 2015, Plaintiff was with *his* children in Owl's Head Park ("the Park"), located at Shore Rd., 68 St., Colonial Rd, Brooklyn, NY 11209.

10. On June 16, 2015, under the Plaintiff's supervision, Plaintiff's children were playing with water guns with other children in the Park.

11. After an argument with another parent in the playground, Plaintiff left the playground with his children and continued to play and exercise.

12. Few minutes later, and around or after 4:00pm, the New York Police Department ("NYPD") arrived at the park and surrounded Plaintiff and his children.

13. Upon information and belief, two NYPD officers arrived and without investigating any allegations that were made against Plaintiff or taking any reasonable steps to assess whether Plaintiff posed any sort of threat, and without warning or notice Plaintiff was being placed under arrest, slammed the Claimant into the dirt, roughly shackled his wrists, and forcibly pushed Plaintiff into the back of a police car, in front of Plaintiff's children.

14. Plaintiff was confined in the back of the police car that was unconditioned and where temperature felt to be over 100 degrees Fahrenheit for a period of approximately ten minutes. Plaintiff's children were placed in the back of a separate police car.

15. At the time of the incident, Plaintiff did not show any sign of intention to resist arrest, run away, or refuse to cooperate with the police officers.

16. At the time of the incident, Plaintiff was shirtless and was wearing close-fitting exercise shorts that would clearly not conceal any sort of weapon.

17.     At the police station, Plaintiff was placed in a cell with an emotionally disturbed prisoner, who was acting erratically and in a threatening manner, for more than an hour.

18     Plaintiff's children were left unsupervised in precinct waiting room for over an hour until their mother arrived.

19.     Despite Plaintiffs' repeated, frantic, and desperate requests for police officers to let him know where his children are, Police officers refused to inform Plaintiff of the status of his children.

20.     Plaintiff was never read his rights, never informed of his rights, was denied the opportunity to make a phone call, and was not given food during the hours he was in custody.

21.     Plaintiff was kept in the police station cell until he suffered from nausea and fatigue, and was transported to the hospital as a result, where he was shackled to a gurney and subjected to medical tests for the remainder of the night.

22.     As a result of this police encounter with Plaintiff, Plaintiff sustained severe shoulder injury, suffered bruising, cuts, scratches, and acute fatigue, and has since suffered from nightmares, emotional distress, recurrent, unwanted thoughts, anxiety, embarrassment, and trouble sleeping.

23.     The severe pain that resulted from said injuries have substantially limited Plaintiff's performance at his physically demanding job.

24.     Plaintiff's children, Olivia, Electra, Elijah, and Lola, have suffered nightmares, emotional distress, recurrent, unwanted thoughts, anxiety, embarrassment, and trouble sleeping.

### Count I. 42 U.S.C.A. § 1983; Excessive Force

25.     Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

26.     As described in the preceding paragraphs, the conduct of Defendants Police Officer John Doe toward Plaintiff constituted excessive force in violation of the United States Constitution.

27.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

28. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

29. The misconduct described in this Count was undertaken pursuant to the policy and practice of the NYPD in that:

(a) As a matter of both policy and practice, the NYPD directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

(b) As a matter of both policy and practice, the NYPD facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading NYPD Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, *NYPD* Officers accused of excessive force can be confident that the Office of Professional Standards will not investigate those accusations in earnest and will refuse to recommend discipline even where the Officer has engaged in excessive force;

(c) Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the NYPD abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the *NYPD* makes findings of wrongdoing in a disproportionately small number of cases;

(d) Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the *NYPD*, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

(e) Defendant *City of New York* has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

(f) As a matter of express policy, Defendant *City of New York* does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing Defendant *City of New York* from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

(g) As a matter of express policy, Defendant *City of New York* refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in row, the Office of Professional Standards ("O.P.S.") is forbidden by Defendant *City of New York* from considering those allegations if they are deemed unsustained; and

(h) The problem with the policy identified in the preceding paragraph is that by its own accounting, Defendant *City of New York* sustains less than 5% of the complaints brought against police officers for violations of civil rights.

30. As a result of the unjustified and excessive use of force by Defendant Police Officer John Doe, as well as Defendant *City of New York*'s policy and practice, Plaintiff has suffered pain and injury, as well as emotional distress. In addition, Plaintiff Parents have suffered financial losses stemming from Plaintiff's medical bills related to this incident.

31. The misconduct described in this Count was undertaken by Defendant Police Officer John Doe within the scope of his employment and under color of law such that his employer, Defendant *City of New York* is liable for such actions.

## COUNT II. — State Law Claim Of Battery

32. Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

33. As described more fully in the preceding paragraphs, the actions of Defendant Police Officer John Doe constituted offensive physical contact with Plaintiff.

34. As a result of the actions of Defendant Police Officer John Doe, Plaintiff sustained physical and emotional injuries. In addition, Plaintiff Parents suffered financial losses stemming from Plaintiff's medical bills related to this incident.

35. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

36. The misconduct described in this Count was undertaken by Defendant Police Officer John Doe within the scope of his employment such that his employer, Defendant *City of New York*, is liable for *such* actions.

## Count III. — 42 U.S.C.A. § 1983; Failure To Intervene

37. Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

38. One or more of the Defendant Officers had a reasonable opportunity to prevent another Officer from using excessive force against Plaintiff had they been so inclined, but they failed to do so.

39. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, as well as emotional distress. In addition, Plaintiff suffered financial losses stemming from Plaintiff's medical bills related to this incident.

40. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

41. The misconduct described in this Count was undertaken pursuant to the policy and practice of the *NYPD* in the manner described more fully above.

42. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, Defendant *City of New York*, is liable for their actions.

### COUNT IV. — State Law Claim Of Assault

43. Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

44. As described more fully in the preceding paragraphs, the actions of Defendants Police Officers John and Jane Doe created a reasonable apprehension of imminent harm in Plaintiff.

45. As a result of the actions of Defendants Police Officers John and Jane Doe, Plaintiff sustained physical and emotional injuries. In addition, Plaintiff suffered financial losses stemming from Plaintiff's medical bills related to this incident.

46. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

47. The misconduct described in this Count was undertaken by Defendants Police Officers John and Jane Doe within the scope of their employment such that their employer, Defendant the City of New York, is liable for their actions.

### COUNT V. —42 U.S.C.A. § 1983; Conspiracy To Deprive Constitutional Rights

48. Each of the Paragraphs of this Complaint is incorporated as if restated fully here.

49. Prior to the time of the constitutional injuries suffered by Plaintiff in this case, the Defendant Officers, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

50. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

51. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

52. As a proximate result of the conspiracy, Plaintiffs suffered financial damage, as well as severe emotional distress and anguish.

53. The misconduct described in this Count was undertaken pursuant to the policy and practice of the *NYPD* in the manner described more fully in preceding paragraphs.

### COUNT VI. — State Law Claim Of Civil Conspiracy

54. Each of the Paragraphs of this Complaint is incorporated as if restated fully here.

55. As described more fully in the preceding paragraphs, the Defendant Officers, acting in concert with other known and unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

56. In furtherance of the conspiracy, the Defendant Officers committed overt acts and were otherwise willful participants in joint activity.

57. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

58. As a proximate result of the Defendant Officers' conspiracy, Plaintiff suffered damages, including severe emotional distress and anguish. In addition, Plaintiff suffered financial losses stemming from Plaintiff's medical bills related to this incident.

59. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, Defendant *City of New York*, is liable for their actions.

### Count VI. — State Law Claim Of Respondeat Superior

60. Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

61. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the *NYPD* acting at all relevant times within the scope of their employment.

62. Defendant *City of New York* is liable as principal for all torts committed by its agents.

### COUNT VII. — State Law Claim Of Indemnification

63. Each of the Paragraphs in this Complaint is incorporated as if restated fully here.

64. *New York State* law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

65. The Defendant Officers are or were employees of the *NYPD*, who acted within the scope of their employment in committing the misconduct described here.

WHEREFORE, Plaintiffs respectfully request that this court enter judgment in their favor and against Defendants, THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, AND OFFICERS JOHNS AND JANES DOE, and each of them, awarding compensatory damages and attorney fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this court deems just and appropriate.

Dated:  New York, New York
        September 9, 2016

By: _____

Austin Brown, Esq.
The Austin Brown Law Firm
*Attorney for Plaintiff*
349 5th Avenue
New York, NY 10016
(917) 716-6537